**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID J. MALLON, JR.**
**JENNY R. BUCHHEIT**
ICE MILLER LLP
Indianapolis, Indiana



FILED

Jan 13 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE CIVIL COMMITMENT OF A.M.: | ) | |
| | ) | |
| A.M., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1109-MH-887 |
| | ) | |
| COMMUNITY NORTH HOSPITAL/ GALLAHUE MENTAL HEALTH SERVICES, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Suzanne E. Katt, Judge Pro Tempore
Cause No. 49D08-0909-MH-41691

**January 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

A.M. appeals her involuntary commitment at Community Hospital North/Gallahue Mental Health Services ("Hospital"). She raises the sole issue of whether sufficient evidence was presented to support her involuntary commitment. We affirm the judgment upon concluding that this appeal is moot because her commitment expired on December 21, 2011. In any event, we also conclude that sufficient evidence was presented.

Facts and Procedural History

The evidence most favorable to the trial court's decision follows. On September 12, 2011, A.M. was staying at a Days Inn in Indianapolis, and decided to swim naked in a nearby secluded creek. She hung her clothes on a tree branch and began swimming, but upon experiencing a stomach cramp, struggled to get out of the water. While lying naked on the grass in pain, someone observed her nudity and called police. When police arrived A.M. was still naked, so they offered her a vest and blanket to cover herself. She explained to officers that she did not intend to expose herself to others, but was meditating and trying to relax due to her suffering a heart condition which can lead to loss of blood pressure and consciousness upon experiencing emotional distress. A.M. later testified that upon the arrival of ambulance and fire department personnel, she began "singing to God" to relax herself. Transcript at 36. Officers took her to Hospital for immediate detention.

A.M. divulged she was previously diagnosed with Post Traumatic Stress Disorder and was attending weekly therapy sessions at a psychiatric clinic in Anderson, Indiana. Part of

2

her treatment plan, according to A.M., was for her to learn to meditate, relax, and cope with situations <u>without</u> prescribed medications.

Dr. Syed Hasan, a psychiatrist at Hospital, examined A.M., diagnosed her with Bipolar Disorder, Type I, and described her current episode as manic with psychotic features. Dr. Hasan later testified that A.M. suffers from a substantial impairment or an obvious deterioration of her judgment, reasoning, or behavior that has led to an inability to function independently. He also explained that A.M.'s condition has impaired her thought process, which has led to dangerous behavior. For example, he explained that A.M. refused to take medicine he prescribed her, and has left her nine-year-old child alone all day without food. A.M. also reportedly withdrew her child from school so she could teach her own child. Dr. Hasan opined that A.M. is unable to provide herself with food, clothing, shelter, or other essential human needs. Dr. Hasan further opined that A.M. is gravely disabled, that this disability is a result of her mental illness, and that without treatment she presents a risk of harming herself or others.

Dr. Hasan filed with the trial court an Application for Emergency Detention of Mentally Ill Person, a Physician's Emergency Statement, and a Report Following Emergency Detention. At a September 22, 2011 hearing, the trial court heard testimony from Dr. Hasan, A.M., and one of A.M.'s friends. Following the hearing, the trial court found, among other things, A.M. was suffering from bipolar disorder; that she is gravely disabled as defined in Indiana Code section 12-7-2-96; and that she continues to be in need of custody, care, and

treatment of Hospital. The trial court entered an order for temporary commitment of A.M. until December 21, 2011, unless discharged prior. A.M. now appeals.

Discussion and Decision

I. Mootness

A.M.'s period of involuntary commitment has already expired; therefore her appeal is moot.[1] Generally, we dismiss cases that are moot, but may decide moot cases on their merits when they involve questions of great public interest that are likely to recur. G.Q. v. Branum, 917 N.E.2d 703, 706 (Ind. Ct. App. 2009). Civil commitments implicate due process protections by the United States Constitution, and may raise significant questions about how courts generally treat people based on a few isolated instances of unusual conduct.

However, A.M. does not contend on appeal that the trial court violated her right to due process or otherwise acted improperly. She does not argue that the trial court's order, based largely on Dr. Hasan's diagnosis and opinion, is mistaken in interpreting or applying Dr. Hasan's opinion. Rather, she disagrees with Dr. Hasan's medical diagnosis and recommended treatment, which included her involuntary commitment at Hospital. A.M. argues Dr. Hasan incorrectly interpreted what he believed to be symptoms and that his diagnosis based thereon is incorrect. This specific appellate argument does not constitute a question of great public interest, and therefore, combined with the fact that A.M.'s commitment has already expired, we determine this case to be moot.

---

[1] Due to the timing of the parties' briefing and other administrative tasks, this case was not assigned to this panel of judges until A.M. had nearly completed her period of commitment.

4

## II. Sufficient Evidence

Nevertheless, our review of the record leads us to the conclusion that sufficient evidence was presented to support A.M.'s civil commitment. When reviewing the sufficiency of the evidence to support a trial court's commitment order, we neither reweigh the evidence nor judge the credibility of witnesses. In re Commitment of A.W.D., 861 N.E.2d 1260, 1264 (Ind. Ct. App. 2007), trans. denied. We look to the evidence most favorable to the trial court's decision and all reasonable inferences to be drawn therefrom. J.S. v. Ctr. for Behavioral Health, 846 N.E.2d 1106, 1112 (Ind. Ct. App. 2006), trans. denied. "If the trial court's commitment order represents a conclusion that a reasonable person could have drawn, the order must be affirmed, even if other reasonable conclusions are possible." In re Commitment of G.M., 743 N.E.2d 1148, 1151 (Ind. Ct. App. 2001).

Hospital was required to prove by clear and convincing evidence that A.M. was mentally ill and either dangerous or gravely disabled and that commitment was appropriate. Ind. Code § 12-26-2-5(e). In limiting our review to the evidence most favorable to the trial court's decision and reasonable inferences, and without judgment of the credibility of witnesses, we conclude that the trial court order represents a conclusion that a reasonable person could have drawn. Dr. Hasan explicitly stated that A.M. is mentally ill and gravely disabled, and that commitment was appropriate. He explained facts which a reasonable person would conclude supports those medical conclusions. The trial court's order,[2]

---

[2] A.M. contends the trial court erred in finding that A.M. is gravely disabled while not explicitly indicating that she is dangerous to herself or others. We view this errant omission to be insignificant because a finding that she is gravely disabled, as defined by Indiana Code section 12-7-2-96, includes a finding that she "is in danger of coming to harm."

consistent with Dr. Hasan's testimony, indicates the trial court determined Dr. Hasan to be largely credible, and its order to involuntarily commit A.M. is affirmed.

## Conclusion

A.M.'s period of civil commitment has already expired, and her specific appellate challenge to the veracity of Dr. Hasan's medical diagnosis does not constitute a question of great public interest. Therefore, this case is moot and we affirm the trial court's order. In any event, even on the merits of this case we conclude that sufficient evidence was presented.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.